NO. D-110269-C

| | | |
|---|---|---|
| GLORIA JACOBS, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF DANIEL JACOBS, | § | |
| DECEASED | § | OF |
| | § | |
| VS. | § | |
| | § | ORANGE |
| THE BF GOODRICH COMPANY, et al | § | ~~JEFFERSON~~ COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GLORIA JACOBS, Individually and as Representative of the estate of DANIEL JACOBS, Deceased, complaining of THE BF GOODRICH COMPANY; BAYER CORPORATION and LANXESS CORPORATION and for Plaintiff's Original Petition respectfully show unto the Court:

1.

### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

2.

Plaintiff, GLORIA JACOBS, is a resident of Orange County, Texas, and is the surviving spouse of DANIEL JACOBS, and brings this action against Defendants pursuant to Art. 16 § 26 of the TEXAS CONSTITUTION.

Defendant THE BF GOODRICH COMPANY (NKA GOODRICH CORPORATION), is a New York corporation with an agent for service in the State of



EXHIBIT C

Texas to wit: Corporation Service Company, 211 East 7th Street, Ste. 620, Austin, TX 78701.

Defendant, **BAYER CORPORATION**, dba INDIANA BAYER CORPORATION and HONEYWELL INTERNATIONAL, INC., fka ALLIED SIGNAL, INC. is an Indiana Corporation with an agent for service in the State of Texas to-wit: Corporation Service Company, 211 East 7th Street, Ste. 620, Austin, TX 78701.

Defendant, **LANXESS CORPORATION** is a Delaware Corporation with an agent for service in the State of Texas to-wit: Corporation Service Company, 211 East 7th Street, Ste. 620, Austin, TX 78701.

3.

Both jurisdiction and venue are proper in this cause of action pursuant to the Texas Civil Practice and Remedies Code. Venue is proper in Jefferson County, Texas, because all or a substantial part of the events or omissions complained of occurred in Jefferson County, Texas.

4.

DANIEL JACOBS, deceased, was employed by BF Goodrich/Polysar in Orange County, Texas. During his employment he used and was exposed to toxic and carcinogenic benzene and benzene-containing products. As a result of such exposure, DANIEL JACOBS, developed acute myelogenous leukemia from which he died a painful and terrible death on April 29, 2011.

5.

The Defendant knew for decades that said toxic and carcinogenic chemicals, including benzene and benzene-containing products could cause deadly blood conditions

and/or cancers and still allowed their employees, such as Daniel Jacobs to work with and around such products in the workplace while knowing there existed to a substantial certainty that said workers and/or Mr. Jacobs would be exposed and would likely develop a deadly cancer.

6.

Plaintiff would further show that the Defendant acted with gross neglect as defined by Art. XVI, §26 of the Texas Constitution and Tex.Civ.Prac. & Rem. Code § 41.003(a)(3), by exposing Daniel Jacobs to said benzene and benzene containing products in the workplace. The Defendant failed to timely and adequately warn workers of the dangers of said chemicals. The Defendant failed to take the necessary engineering, safety, industrial hygiene and other precautions and provide adequate warning and training to ensure that the deceased was not exposed to said toxic and carcinogenic chemicals, including benzene. Said conduct, in view of Defendant's actual knowledge of the deadly hazards of benzene, amounts to "gross neglect" or "malice" under Texas law pursuant to Tex.Civ.Pract.&Rem.Code§41.001 et seq.

7.

As a result of the aforementioned gross negligence of the Defendant, Plaintiff asserts claims for punitive and/or exemplary damages and seek to recover from the Defendant, an amount in excess of the jurisdictional limits of this Court.

Further, Plaintiff seeks a claim for prejudgment interest for all elements allowed them. Plaintiff would show that as an heir of the body of Daniel Jacobs, she is precluded from the recovery of compensatory damages by the Texas Workers Compensation Act.

Accordingly, Plaintiff asserts no claim for the recovery of compensatory damages or medical expenses against the Defendants in this case.

8.

Plaintiff hereby invokes the discovery rule.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein as the law directs; that upon final hearing hereof, Plaintiff recover of and from the Defendant, exemplary and punitive damages, together with interest thereon at the legal rate, cost of Court and for such other and further relief, special and general, at law or in equity, to which Plaintiff may be otherwise justly entitled.

Respectfully submitted,

PROVOST & UMPHREY LAW FIRM
490 Park Street - P. O. Box 4905
Beaumont, Texas 77701
(409) 835-6000   FAX (409) 838-8883

BY: _____
DARREN L. BROWN
STATE BAR NO. 03108350

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury.

_____
DARREN L. BROWN